## RUSSELL ET AL. V. ROWLAND.

FEES AND FINES: *In what payable.*

The fine imposed, and fees accruing in a criminal conviction are payable in the warrants of the county where the crime was committed and the prosecution instituted, notwithstanding the trial and conviction be in another county to which the cause was removed.

APPEAL from *Boone* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

*O. W. Watkins* for Appellants.

Under *Act Dec. 14, 1875,* fines, etc., are to be treated as debts accruing to the county, *31 Ark., 46,* and are payable in the scrip of the county. *Mansf. Dig., sec. 1146.*

The financial affairs of the western district of Carroll county are to be kept separate, and revenue of all kinds to be for the benefit of the district where it arises. *Act March 12, 1883, secs. 18 and 19.*

The fines and tax in this case are due to the county where the offense was committed and the prosecution originated. *43 Ark., 270.*

Russell et al. v. Rowland.

*Dan W. Jones*, Attorney General, *contra*.

SMITH, J.   The appellants sought by mandamus to compel the sheriff of Boone to accept Carroll county scrip in payment of their fines and conviction fees in a criminal prosecution which had begun in Carroll, but by change of venue had been transferred to Boone. Their petition alleged that they had made a tender of the amount of the fines and of the statutory conviction fees in the lawful warrants of Carroll, but the defendant demanded Boone county warrants.

The court, as upon demurrer, refused to the petitioners the relief they prayed for.

By statute and the previous decisions of this court, the fine imposed and the fee accruing to the public upon conviction of a crime, are treated as debts due to the county in which the crime was committed and the prosecution set on foot. They are therefore payable in the warrants of that county, notwithstanding the trial and conviction may have been in another county, to which the cause was removed. *Mansf. Dig., secs. 5595, 5860, 1146; McKibben v. State, 31 Ark., 46; Murphy v. State, 38 Id., 514; Independence county v. Dunkin, 40 Id., 329; Washington county v. State, use, etc., 43 Id., 267.*

The court below may have been misled by the accidental circumstance in the last mentioned case that the fines and forfeitures had been collected in the scrip of the county where the trial took place. The contest was not whether they were payable in the warrants of Washington or Benton county; but it was which county was entitled to them after they had once been paid.

Reversed and remanded with directions to award the peremptory writ of mandamus, unless the defendant by answer shall show good cause to the contrary.